IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| MARGARET A. NORTON, | : |
|     Plaintiff, | : |
| v. | :   Civil Action No. _____ |
| MYLAN, | : |
|     Defendant. | : |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Mylan Inc.[1] ("Mylan") hereby removes this action from the Superior Court of Essex County, New Jersey, to the United States District Court for the District of New Jersey. In support of removal, Mylan states:

**I.  BACKGROUND**

1. On or about January 3, 2022, Margaret A. Norton ("Plaintiff") commenced this product-liability action by filing a Complaint in the Superior Court of Essex County, New Jersey, docketed at No. ESX L-000074-22. (*See generally*, Ex. A, Compl.)

2. Plaintiff alleges she suffered a severe allergic reaction and anaphylaxis on August 10, 2016, ostensibly due to the presence of "sulfites" in Geritol® Liquid nutritional supplement.

3. Plaintiff seeks to recover compensatory and punitive damages on a theory of fraud by omission.

**II.  JURISDICTIONAL BASIS FOR REMOVAL**

    **A.  Complete Diversity of Citizenship Exists Among the Parties**

---

[1] It is unclear which "Mylan" entity Plaintiff intended to name as a defendant. However, because service was directed to an address in Canonsburg, Pennsylvania, which is where Mylan Inc. is registered, it is assumed that Mylan Inc. is the entity referenced in Plaintiff's Complaint.

1

4. Plaintiff's pleading indicates she lives in Newark, New Jersey. (*See* Compl., at 1.)

5. Mylan avers, therefore, that Plaintiff is a citizen of New Jersey. *See Hankins v. Doubletree Mgmt., LLC*, No. 3:19-cv-8698, 2020 WL 2786933, at *4 (D.N.J. May 29, 2020) (finding that a plaintiff's identification of address in New Jersey is sufficient to establish citizenship in New Jersey for purposes of diversity jurisdiction).

6. The citizenship of a corporation is both its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018).

7. Mylan Inc. is a Pennsylvania corporation with its principal place of business in Pennsylvania.

8. Mylan Inc., therefore, is at the time of removal and was at the time this action was commenced a Pennsylvania citizen.

9. Because Plaintiff is a New Jersey citizen and Mylan is a Pennsylvania citizen, complete diversity exists among the parties.

**B. The Matter in Controversy Exceeds $75,000**

10. A defendant's burden in alleging the existence of federal jurisdiction upon removal "is no greater than is required to establish federal jurisdiction as alleged in a complaint." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).

11. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court," and "[e]vidence

establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 553–54.

12. "Generally, damages alleged in a complaint over $75,000.00 satisfy the amount in controversy requirement unless it appears to a legal certainty that the claim is for less than the jurisdictional amount." *Pradel v. VAH Lyons Emps. Fed. Credit Union*, No. 3:19-cv-15835, 2020 WL 2747766, at *2 (D.N.J. May 27, 2020) (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961)); *see also Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) ("The general federal rule is to decide the amount in controversy from the complaint itself.").

13. Plaintiff alleges she suffered a life-threatening allergic reaction, anaphylaxis, and "full respiratory failure" due to the supposed presence of sulfites in Geritol® Liquid nutritional supplement. (Compl., at 1, 4–6.)

14. Plaintiff claims further that Mylan knowingly omitted any mention of sulfites in the labeling for Geritol® Liquid nutritional supplement because, as she tries to explain in her pleading, Mylan supposedly generates "immense[]" profits from the sale of EpiPen® (EpiPen) Auto-Injectors to treat allergic reactions caused by sulfites. (*Id.* at 9–10.)

15. In her Complaint, Plaintiff demands judgment in the amount of $3,000,000, plus punitive damages. (*Id.* at *ad damnum*.) Plaintiff previously had submitted a pre-suit demand in the amount of $1,000,000. (*See* Ex. D, Letter of June 3, 2020.)

16. Although Mylan denies that Plaintiff is entitled to any damages whatsoever, the face of the Complaint and prior correspondence make clear that Plaintiff seeks to recover damages far in excess of the jurisdictional minimum of $75,000.

17. Thus, this removal is proper because this Court has original jurisdiction over this action, as there is complete diversity of citizenship among the parties and the matter in controversy exceeds $75,000, exclusive of interest and cost. 28 U.S.C. §§ 1332(a)(1), 1441(a).

### III. PROCEDURAL ELEMENTS

18. Mylan was served with the Complaint on February 4, 2022.

19. This removal is timely as the Notice has been filed within thirty (30) days of the service of the Complaint on Mylan.

20. This action is properly removed to the United States District Court for the District of New Jersey, because Plaintiff's Complaint was originally filed in the Superior Court of Essex County, New Jersey, which lies geographically within this judicial district. *See* 28 U.S.C. §§ 110, 1441(a).

21. Removal pursuant to 28 U.S.C. § 1441(a) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Mylan is the only named defendant in this action and, therefore, further consent is not required.

22. Pursuant to 28 U.S.C. § 1446(a) and L.R. 5.2, copies of all process, pleadings, and orders served upon Mylan, as well as all documents previously filed in state court, are collectively attached hereto as Exhibit B. (*See also* Ex. C., State Court Docket Sheet.)

23. Upon the docketing of this case in federal court, Mylan will file its disclosure statement pursuant to Rule 7.1 of the Federal Rules of Civil Procedure.

24. Contemporaneously with the filing of this Notice of Removal, Mylan will give written notice to Plaintiff and will file a copy of this Notice with the Clerk of the Superior Court of Essex County, New Jersey.

25. No previous application has been made for the relief requested in this Notice of Removal.

26. Accordingly, all procedural elements for removal have been satisfied.

## IV. RESERVATIONS AND REQUEST FOR ORAL ARGUMENT

27. If any question arises as to the propriety of the removal of this action, Mylan respectfully requests the opportunity to present a brief, evidence, and oral argument in support of its position that this case is removable.

28. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Mylan's right to assert any defense or affirmative matter including, without limitation, the defense of (a) lack of personal jurisdiction; (b) improper or inconvenient venue; (c) insufficiency of process; (d) insufficiency of service of process; (e) improper joinder of claims and/or parties; (f) failure to state a claim; (g) failure to join an indispensable party; or (h) any other procedural or substantive defense available under state or federal law.

## V. JURY DEMAND

29. Mylan demands a trial by jury on all issues so triable.

WHEREFORE, Defendant Mylan Inc. respectfully requests this Honorable Court to exercise jurisdiction over this matter and to take any other action necessary to effectuate the removal of this action to the United States District Court for the District of New Jersey.

Dated: March 4, 2022                          Respectfully submitted by:

*/s/ Jeremy E. Abay*
Jeremy E. Abay (#083862013)

PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP
1818 Market Street, Suite 3402
Philadelphia, PA 19103
Telephone: (215) 320-6200

Facsimile: (215) 981-0082
jea@pietragallo.com

Clem C. Trischler (*pro hac* to be sought)
Jason M. Reefer (*pro hac* to be sought)
PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
Telephone: (412) 263-2000
Facsimile: (412) 263-2001
cct@pietragallo.com
jmr@pietragallo.com

*Attorneys for Defendant Mylan Inc.*

Facsimile: (215) 981-0082
jea@pietragallo.com

Clem C. Trischler (*pro hac* to be sought)
Jason M. Reefer (*pro hac* to be sought)
PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
Telephone: (412) 263-2000
Facsimile: (412) 263-2001
cct@pietragallo.com
jmr@pietragallo.com

*Attorneys for Defendant Mylan Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that, on March 4, 2022, a true and correct copy of the above document and any related attachments were served on all parties of record by email and First Class U.S. Mail, postage prepaid to the addressed identified below.

                              Margaret A. Norton
                              505 Elizabeth Avenue, Apt. 2E
                              Newark, NJ 07112
                              iluveumar@yahoo.com

                              *Pro Se Plaintiff*

Dated: March 4, 2022                       Respectfully submitted,

                                                */s/ Jeremy E. Abay*
                                               Jeremy E. Abay (#083862013)