**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARGARET A. NORTON, | Civil Action No. 22-01206(JKS)(CLW) |
| Plaintiff, | |
| | **WHEREAS OPINION** |
| v. | |
| | April 2, 2024 |
| MYLAN N.V., DPT LABORATORIES, LTD., and MYLAN INC., | |
| Defendants. | |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on Defendants Mylan Inc., Mylan N.V., and DPT Laboratories, LTD's ("Defendants") Motion to Dismiss Plaintiff Margaret A. Norton's ("Norton" or "Plaintiff") Third Amended Complaint ("TAC") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) ("Motion to Dismiss"). (ECF 62.)[1] Plaintiff opposed the Motion to Dismiss. (ECF 66.) Defendants replied. (ECF 67.) The Court reviewed Plaintiff's TAC and the parties' submissions and has reached its decision without oral argument pursuant to Rule 78 and Local Civil Rule 78.1; and

---

[1] In resolving a Rule 12(b)(6) motion to dismiss, the Court accepts all pleaded facts as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal quotation marks and citation omitted). To survive, the claims must be facially plausible, meaning that the pleaded facts "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, because Plaintiff is proceeding pro se, the Court must construe her pleadings liberally and hold them to a less stringent standard than those filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but the "Court need not . . . credit a pro se plaintiff's bald assertions or legal conclusions," *Mestman v. Escandon*, No. 14-3880, 2014 WL 11398143, at *1 (D.N.J. June 25, 2014) (internal citations and quotations omitted).

**WHEREAS** this matter arises from Plaintiff's alleged physical harm suffered after consuming "Geritol Liquid B Vitamin & Iron" liquid supplement product ("Geritol"), a popular iron supplement manufactured by Defendant. (*See generally* ECF 58, TAC); and

**WHEREAS** on May 24, 2016, Plaintiff purchased and consumed her "usual dosage" of Geritol "as described on the package" and immediately after consuming Geritol that day, Plaintiff suffered "severe shortness of breath and wheezing."[2] (ECF 58, TAC ¶¶ 30, 34-35); and

**WHEREAS** Plaintiff filed her TAC on July 28, 2023, which asserts: (1) a strict product liability failure to warn claim, (2) two separate common law fraud by affirmative misrepresentation claims, and (3) a violation of the New Jersey Consumer Fraud Act, all stemming from Plaintiff's consumption of Geritol;[3] and

**WHEREAS** Defendants first argue the Court should dismiss Plaintiff's TAC in its entirety because the New Jersey Product Liability Act, N.J. Stat. Ann. § 2A:58C–1 to–11 (the "NJPLA" or "the Act")[4] subsumes Plaintiff's common law fraud and CFA claims, and that its statute of limitations has run; and

**WHEREAS** this Court has already issued a decision regarding whether the NJPLA subsumes Count's II and III of Plaintiff's Second Amended Complaint ("SAC").[5] (*See* ECF 41.)

---

[2] In Plaintiff's TAC, Plaintiff states that she is allergic to sulfites and "would not have brought [sic] and consumed the Geritol Liquid High Potency B-Vitamins & Iron liquid supplement product if the defendant had stated the sulfites on the ingredient statement." (ECF 58, TAC ¶¶ 192-93.)

[3] In her TAC, Plaintiff refers to her use of an epi-pen also manufactured by Mylan, for which she claims her "pharmacy" provided a warning for the presence of sulfites. (ECF 58, TAC ¶¶ 44-45.) She does not appear to assert an independent claim based on the epi-pen, but rather as evidence of Mylan's knowledge that its Geritol products contain sulfites.

[4] The NJPLA provides that: "[a] manufacturer or seller of a product shall be liable in a product liability action only if the claimant proves by a preponderance of the evidence that the product causing the harm was not reasonably fit, suitable, or safe for its intended purpose[.]" N.J. Stat. Ann. § 2A:58C-2.

[5] For clarity, Count II of Plaintiff's TAC (Common Law Fraud by Affirmative Misrepresentation) is consistent with Count II of SAC. However, Count IV of Plaintiff's TAC (New Jersey Consumer Fraud Act claim) was listed as Count III of Plaintiff's SAC.

As such, this Court incorporates its prior reasoning and decision with respect to Counts II and IV of the TAC into this opinion; and

**WHEREAS** in Count II of her TAC, Plaintiff pleads a common law fraud claim alleging the "incomplete ingredient statement" is an "affirmative misrepresentation of fact or fraud." (ECF 58, TAC ¶ 189.) This Court previously determined that Count II was in part subsumed by the NJPLA because "the essence of [plaintiff's] claim is that the misrepresentations resulted in physical harm from the product." (ECF 41 at 3-4 (quoting *Mendez v. Shah*, 28 F. Supp. 3d 282, 302 (D.N.J. 2014).) This reasoning still applies. Therefore, Plaintiff's common law fraud claim in Count II of the TAC is subsumed by the NJPLA;[6] and

**WHEREAS** in Count IV of the TAC, Plaintiff asserts a New Jersey Consumer Fraud Act ("NJCFA") claim that alleges the Defendants "should have known" that sulfites pose a risk of injury and therefore Defendants violated the NJCFA by knowingly omitting sulfites from Geritol's ingredient list. (ECF 58, TAC ¶¶ 213-15.) Under New Jersey law, Plaintiffs may file claims under both the NJCFA and the NJPLA seeking dissimilar damages because the statutes govern different types of conduct. *Sun Chem. Corp. v. Fike Corp.*, 981 F.3d 231, 237 (3d Cir. 2020) The statutes are intended to provide different remedies so companies may be held responsible for misrepresenting their product (a NJCFA violation) and for the injuries their product causes (a NJPLA violation). *Id.* (allowing plaintiff's NJPLA and NJCFA claims to proceed in separate

---

[6] Count III of Plaintiff's TAC states an additional common law fraud claim which was not present in Plaintiff's SAC. Therefore, in its prior decision, this Court did not determine whether the additional common law fraud claim was subsumed by the NJPLA. Here, this Court determines that Count III of the TAC is not subsumed by the NJPLA, as the facts and allegations raised in Count III are untethered to the alleged injuries stemming from the alleged misrepresentation concerning Geritol's ingredient list. *Hindermyer v. B. Braun Medical Inc.*, 419 F. Supp. 3d 809, 822 (D.N.J. 2019) ("[C]ourts in New Jersey routinely dismiss fraud claims on the basis of NJPLA subsumption, when a plaintiff . . . sustains a personal injury, as a result of a manufacturer's false representations[.]"). Plaintiff does not allege the injuries from Count III stem from the alleged misrepresentation. Rather, Plaintiff contends she suffered damages including "inconvenience, and lost [sic] of time and similar categories of damages."

counts of the same suit).[7] Indeed, Plaintiff asserts Defendant affirmatively misrepresented the ingredient list on Geritol's labeling, and as a result of this incomplete ingredient list, "[P]laintiff has been damaged and ha[s] sustained an ascertainable loss of money for the purchase of Geritol," thus qualifying these misrepresentations for coverage under the NJCFA, not the NJPLA. (ECF 58, TAC ¶ 229.) As such, the Court declines to find Count IV is subsumed by the NJPLA and is properly brought under the NJCFA; and

**WHEREAS** Defendants next argue that Plaintiff's claims are time-barred. Specifically, Defendants argue the statute of limitations for the NJPLA claims is two years after the cause of action "shall have accrued[.]" N.J. Stat. Ann. §§ 2A:14-2(a); 2A:58C-1(b)(2); *Cornett v. Johnson & Johnson*, 998 A.2d 543, 550 (N.J. Super. Ct. App. Div. 2010), *aff'd as modified*, 48 A.3d 1041 (N.J. 2012); and

**WHEREAS** while a cause of action will generally accrue at the time of alleged injury, under New Jersey's discovery rule the accrual of a cause of action is delayed until the injured party "actually discovers, or by the exercise of reasonable diligence and intelligence reasonably should have discovered, that he may have a basis for an actionable claim." *Yarchak v. Trek Bicycle Corp.*, 208 F. Supp. 2d 470, 479 (D.N.J. 2002); and

**WHEREAS** the New Jersey discovery rule does not shield Plaintiff from the two-year statute of limitations. Indeed, by the exercise of reasonable diligence Plaintiff should have discovered that there was a basis for an actionable claim at the time of her alleged injury. At the

---

[7] "[A] [NJ]CFA claim alleging express misrepresentations—deceptive, fraudulent, misleading, and other unconscionable commercial practices—may be brought in the same action as a [NJ]PLA claim premised upon product manufacturing, warning, or design defects." *Sun Chem. Corp. v. Fike Corp.*, 235 A.3d 145, 148 (N.J. 2020) (allowing NJCFA claims to proceed alongside NJPLA claims when the theory of plaintiff's underlying claim alleges an affirmative misrepresentation about a specific feature of the system not fulfilling its intended promise).

latest, Plaintiff should have reasonably discovered said basis when she sent her adverse event report to the FDA in September of 2016. (ECF 58, TAC ¶ 54); and

**WHEREAS** Plaintiff's alleged injury occurred on May 24, 2016. (*Id.* ¶¶ 30, 35.) When Plaintiff purchased the Geritol, Plaintiff was aware of her own allergy to sulfites as Plaintiff has represented in her TAC that she "is allergic to sulfites and would not have brought [sic] and consumed the Geritol . . . if the defendant had stated the sulfites on the ingredient statement." (*Id.* ¶¶ 183, 188, 193.) Furthermore, Plaintiff states in her TAC that she sent an adverse event report to the FDA in September 2016, stating in relevant part:

> I experienced an [sic] severe life threatening asthma attack from the Geritol Liquid High Potency B-Vitamin & Iron Liquid Supplement. This product had a large amount of Sulfite preservatives in it that are not listed on the package. I am allergic to sulfite preservatives. They are using citric acid with large doses of sulfites. I use to use this product without any problems but they seem to have added a large amount of sulfites to the product, and I can no longer use their product.

(ECF 62-1, Def. Br. at 4.)[8] Plaintiff's claim that July 1, 2021 should serve as the date of discovery is at odds with the factual record and does not conform to the case law regarding the New Jersey discovery rule.[9] Here, the face of the TAC demonstrates that Plaintiff's claims are untimely. *See Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015); and

---

[8] Plaintiff explicitly references her September 2016 correspondence with the FDA in her TAC. (ECF 58, ¶¶ 54-55, 102.) Plaintiff also attached the adverse event report itself to her motion for leave to file an amended complaint. (ECF 11-4, Ex. F.) As such, Plaintiff has referenced the FDA correspondence in her TAC. Therefore, the Court is free to consider the adverse event report in connection with this Motion. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("[A]n exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint'" may be considered "without converting the motion [to dismiss] into one for summary judgment." (alteration in original) (emphasis in original) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996))).

[9] The limitations period does not turn on when the plaintiff discovers the "specific basis for legal liability." *Yarchak*, 208 F. Supp. at 479. Rather, the limitations period is triggered when there is enough information to "lead a reasonable person to investigate the matter." *Staub v. Eastman Kodak Co.*, 726 A.2d 995, 961 (N.J. Super. Ct. App. Div. 1999). The plaintiff need not possess "conclusive proof of every material fact" in order to discover the basis of an injury. *Yarchak*, 208 F. Supp. 2d at 479. Instead, "a plaintiff must have an awareness of 'material facts' relating to the existence and origin of his injury rather than comprehension of the legal significance of such facts." *Lynch v. Rubacky*, 424 A.2d 1169, 1173 (N.J. 1981).

**WHEREAS** Counts I and II of Plaintiff's TAC are hereby dismissed with prejudice as the two-year statute of limitations began running at the time of Plaintiff's alleged injury in 2016, and Plaintiff did not file her suit until January 2, 2022. Count III of Plaintiff's TAC was filed within the statute of limitations.[10] Count IV of Plaintiff's TAC was filed within the statute of limitations under the NJCFA;[11] and

**WHEREAS** Defendant Mylan Inc. next claims Plaintiff's common law fraud claim found in Count III fails to assert a claim for fraud against it. The Court agrees. To establish a claim for common law fraud a Plaintiff must allege (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages. *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 1997). Furthermore, "[w]hen a complaint involves allegations of fraud, a plaintiff must meet the heightened pleading requirements of Rule 9(b) to state a claim under Rule 12(b)(6)." *Franchitti v. Cognizant Tech. Sols. Corp.*, 555 F. Supp. 3d 63, 68 (D.N.J. 2021) (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 155 (3d Cir. 2014));[12] and

**WHEREAS** Plaintiff contends that Mylan Inc. through its employee Elana Williams ("Ms. Williams") made a "false statement of a material fact, an affirmative misrepresentation of fact"

---

[10] Under New Jersey law, the statute of limitations for fraud is six years, *see* N.J. Stat. Ann. § 2A:14-1, and a cause of action accrues when a plaintiff knows or should know of its existence. *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 425 (3d Cir. 1999) (citing *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 80 (3d Cir.1989).

[11] Under the NJCFA, the statute of limitations is six years. N.J. Stat. Ann. § 2A:14-1; *Marchi v. Hudson City Savings Bank*, No. 15-5725, 2017 WL 628476, at *4 (D.N.J. Feb. 15, 2017).

[12] *See also* Fed. R. Civ. P. 9(b) (stating that a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud," though conditions of the mind such as knowledge may be pled generally). "In order to satisfy Rule 9(b), a complaint must provide 'all of the essential factual background that would accompany the first paragraph of any newspaper story' — that is, the 'who, what, when, where and how' of the events at issue.'" *United States v. Eastwick Coll.*, 657 F. App'x 89, 93 (3d Cir. 2016) (quoting *In re Rockefeller Ctr. Props., Inc. Secs. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002)).

because Ms. Williams stated she was from "Mylan" with no other description of the Mylan entity. (ECF 58, TAC ¶¶ 204-05.) Plaintiff further contends that Defendant Williams intended to induce Plaintiff to believe that she was from "Mylan" and in so doing, Plaintiff relied upon this statement and sent documents and medical records to Ms. Williams at "Mylan." (*Id.* ¶¶ 206-08.) Plaintiff contends her damages include, but are not limited to, damages for "inconvenience," and "lost [sic] of time and similar categories of damages." (*Id.* ¶ 209); and

**WHEREAS** even assuming all pleaded facts are true and construing the TAC in Plaintiff's favor, the Court cannot "under any reasonable reading of the complaint" find that Plaintiff is entitled to relief. *See Phillips*, 515 F.3d at 231. The general descriptive term of "Mylan" does not rise to the level of a misrepresentation of fact giving rise to fraud. Rather, Ms. Williams use of the term Mylan is a commonplace umbrella term used to describe any of the Mylan entities. (ECF 62-1, Def. Br. at 18-19.) Further, Plaintiff fails to plead that she suffered damages resulting from her reliance on Ms. Williams's misrepresentation or that Ms. Williams's material misrepresentation or omission was the direct cause of Plaintiff's damages. *Allstate N.J. Ins. Co. v. Lajara*, 117 A.3d 1221, 1231 (N.J. 2015); *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 1997); *Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 602 (D.N.J. 2016). Lastly, Plaintiff has failed to plead with the requisite particularity in accordance with FRCP 9(b).[13] As such, Count III of Plaintiff's TAC is dismissed with prejudice; and

**WHEREAS** Defendants next claim Count IV of Plaintiff's TAC should be dismissed because the claims under the NJCFA are preempted under federal law. (Def. Br. at 17-18.) "Preemption is an affirmative defense." *Lupian v. Joseph Cory Holdings Co.*, 905 F.3d 127, 130 (3d Cir. 2018). As a result, "dismissal is appropriate under Rule 12(b)(6) only when preemption is

---

[13] While the Court recognizes Plaintiff is proceeding pro se and construes her pleadings liberally in accordance with *Haines*, Plaintiff's assertions in Count III are bald legal conclusions.

manifest in the complaint itself." *Id.* at 130-31 (quotation marks and citation omitted). Affirmative defenses generally depend on extrinsic facts, and the Third Circuit therefore requires that a court tread warily, dismissing under Rule 12(b)(6) only when the plaintiff has effectively pled itself out of court. *Gaetano v. Gilead Scis., Inc.*, 529 F. Supp. 3d 333, 348 (D.N.J. 2021); and

**WHEREAS** this Court previously denied a similar motion based upon preemption, stating that the Court could not "determine whether Plaintiff would be seeking to impose a 'higher burden' than the FDA regulations on the face of the Complaint." (ECF 41.) This Court reiterates its prior analysis to that effect. Further, this Court's previous decision instructed Defendants that any renewed motion based on preemption must "demonstrate that [Defendants] complied with the regulatory requirements with respect to the Geritol product at issue." *Id.* This Court is not satisfied with Defendants' renewed motion, and the Court declines to dismiss Count IV of Plaintiff's TAC. *In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 n.6 (3d Cir. 2016) (explaining dismissal is only appropriate under Rule 12(b)(6) when "preemption is manifest in the complaint itself"); and

**WHEREAS** Defendants finally argue that Plaintiff's TAC should be dismissed in its entirety because personal jurisdiction is lacking as to all Defendants.[14] (Def. Br. at 13.) Personal jurisdiction may be established by means of general jurisdiction or specific jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Defendants claim specific jurisdiction is lacking over all Defendants. (Def. Br. at 14-17); and

---

[14] When deciding Rule 12(b)(2) motions, "[i]f the district court does not hold an evidentiary hearing, the plaintiffs need only establish a prima facie case of personal jurisdiction. Moreover, it is well established that in deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). "Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (citation omitted) ("[I]f a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained").

**WHEREAS** specific jurisdiction may exist "if the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 473 (1985). The Third Circuit has developed a three-part test to determine whether specific personal jurisdiction may be exercised. First, the defendant must have "purposefully directed [its] activities at the forum." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (internal quotation marks omitted). Second, the litigation must "arise out of or relate to at least one of those activities." *Id.* (internal quotation marks omitted).  Third, if the first two requirements are met, the exercise of jurisdiction must "otherwise comport with fair play and substantial justice." *Id.* (internal quotation marks omitted); and

**WHEREAS** in her TAC and her opposition brief, Plaintiff demonstrates a reasonable possibility of sufficient contacts between the Defendants and New Jersey. Accordingly, the Court will permit jurisdictional discovery. Thus, Defendants 12(b)(2) motion is denied at the present time but following jurisdictional discovery, Defendants are given leave to renew their motion to dismiss pursuant to Rule 12(b)(2). Therefore,

**IT IS, on this 2nd day of April 2024**,

**ORDERED** that Defendants' Motion to Dismiss (ECF 62) is **GRANTED in part and DENIED in part.** An appropriate order follows.

*/s/  Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Parties
       Cathy L. Waldor, U.S.M.J.