<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARGARET A. NORTON,<br><br>Plaintiff,<br><br>v.<br><br>MYLAN N.V., DPT LABORATORIES, LTD., and MYLAN INC.,<br><br>Defendants. | Civil Action No. 22-01206<br><br>**OPINION**<br><br>November 4, 2024 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on separate motions filed by Plaintiff Margaret A. Norton ("Norton" or "Plaintiff"): (1) Plaintiff's Motion to Vacate Dismissal Part of Order Granting Leave for Defendants to File a Second Rule 12(b)(2) (ECF 89); and (2) Plaintiff's Motion to Vacate Order Dismissing Count I of Plaintiff's Third Amended Complaint. (ECF 84.) Plaintiff brings these motions pursuant to Federal Rule of Civil Procedure 60(b) and 60(d). Defendants Mylan Inc., Mylan N.V., and DPT Laboratories, LTD ("Defendants") opposed the respective motions. (ECF 91; ECF 93.) Plaintiff replied. (ECF 92; ECF 94.) The Court reviewed the parties' submissions and has reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. Accordingly, Plaintiff's respective motions are **DENIED**.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

This matter arises from Plaintiff's alleged physical harm suffered after consuming "Geritol Liquid B Vitamin & Iron" liquid supplement product ("Geritol"), a popular iron supplement manufactured by Defendant Mylan N.V. (*See generally* ECF 58, Third Amended Complaint,

"TAC.") For purposes of the instant motion, the Court does not retrace this case's full factual and procedural history. This Court's April 2, 2024 Opinion granting in part Defendants' motion to dismiss the Third Amended Complaint includes a detailed recounting of the factual background of this matter. (*See* ECF 77, "April Opinion.") To the extent relevant to the instant motion, the Court incorporates the factual and procedural history from the April 2, 2024 Opinion herein.

## II. STANDARD OF REVIEW

### A. Rule 60(b)

Plaintiff seeks to vacate the Court's dismissal through her reliance upon Federal Rule of Civil Procedure 60(b), arguing that Rule 60(b)(3), in part, provides a basis for her requested relief. Rule 60(b) provides that a litigant may be entitled to relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Specifically, Rule 60(b)(3) "is aimed at judgments [or orders] which were unfairly obtained, not at those which are factually incorrect." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005). To obtain relief under Rule 60(b)(3), "the evidence must be clear and convincing," *Brown v. Pennsylvania R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960), and "cannot serve as an attempt to relitigate the merits." *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989). Critically, "Rule 60(b) motions are viewed as 'extraordinary relief which should be granted only where extraordinary justifying circumstances are present.'" *Kiburz v. Sec'y, U.S. Dep't of the*

*Navy*, 446 F. App'x 434, 436 (3d Cir. 2011) (quoting *Bohus v. Beloff*, 950 F.2d 919, 929 (3d Cir. 1991)).

### B. Rule 60(d)

"Federal Rule 60(d)(3) concerns a court's power to set aside a judgment for fraud on the court." *Wallace v. Hayman*, No. 09-5644, 2012 WL 3916955, at *1 (D.N.J. Sept. 7, 2012). Rule 60(d)(3) is saved for "the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." *Broyhill Furniture Indus., Inc. v. Craftmaster Furniture Corp.*, 12 F.3d 1080, 1085-86 (Fed. Cir. 1993). Moreover, the motion for relief "'must be supported by clear, unequivocal and convincing evidence' of 'an intentional fraud.'" *Kaetz v. United States*, No. 23-2772, 2024 WL 918344, at *1 (D.N.J. Mar. 4, 2024) (quoting *In re Bressman*, 874 F.3d 142, 150 (3d Cir. 2017)).

### III. ANALYSIS

Plaintiff moves to vacate dismissal pursuant to Rule 60(b)(3) and 60(d)(3). However, in addition to being unclear, Plaintiff's allegations consist almost entirely of bald, conclusory, and circular allegations untethered to any factual support. Based on the Court's best interpretation, Plaintiff generally asserts that Defendant fraudulently obtained an order from this Court allowing a renewed 12(b)(2) motion following jurisdictional discovery. (ECF 89, Pl. Br. at 7-9.) Further, Plaintiff asserts that Mylan Inc., through outside counsel, "fraudulently intercepted" her Complaint "and removed the action" to federal court in an effort to hide the alleged nefarious conduct of Mylan N.V. (ECF 84-1, Pl. Br. at 10.) Finally, Plaintiff baldly and without any factual support alleges repeated fraudulent conduct by Defendants but offers no factual support and instead repeats the allegations already set forth in her TAC. (ECF 84-1; ECF 89.)

3

Again, the Court reiterates the extraordinary remedy Plaintiff seeks. Relief under Rule 60(b)(3) "should be granted only where extraordinary justifying circumstances are present." *Oat v. Sewer Enters., Ltd.*, 584 F. App'x 36, 41 (3d Cir. 2014). The "moving party must provide 'clear and convincing evidence' showing that the adverse party engaged in fraud or other misconduct, and this conduct prevented the moving party from fully and fairly presenting his case." *Vertiv, Inc. v. Wanye Burt PTE, Ltd.*, No. 20-13050, 2021 WL 3124341, at *5 (D.N.J. July 23, 2021).

Furthermore, to avail herself of Rule 60(d)(3), Plaintiff must show: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." *Herring v. United States*, 424 F.3d 384, 386 (3d Cir. 2005). "[A] determination of fraud on the court may be justified only by 'the most egregious misconduct directed to the court itself,'" such as bribery of a judge or fabrication of evidence by counsel, but not perjury by a witness. *Id.* at 386-87, 390. "To be entitled to relief under this provision, a party must establish by clear and convincing evidence that: (1) the other party engaged in fraud, misrepresentation, or other misconduct, and (2) this behavior prevented the moving party from fully and fairly presenting her case." *Brown v. Friel*, No. 16-1819, 2020 WL 1820981 at *3 (E.D. Pa. Apr. 10, 2020) (citations omitted).

Defendants contend that no clear and convincing evidence shows that Defendants engaged in any type of fraud. The Court agrees. The Court's April 2, 2024 Order allowing for a renewed 12(b)(2) motion following jurisdictional discovery is a routine ruling, which falls squarely in the Court's discretion.[1] Further, while Plaintiff may be dissatisfied with the Court's ruling with respect to Counts I, II, and III of the TAC, her allegations concerning the parties supposed "fraud" is

---

[1] *See e.g., NuGeneration Techs., LLC v. Moiyadi*, No. 23-459, 2023 WL 5020831, at *8 (D.N.J. Aug. 7, 2023) (allowing defendant to renew its Rule 12(b)(2) motion, if appropriate, at the conclusion of jurisdictional discovery).

unsupported by any evidence, let alone by clear and convincing evidence.[2] As a result, Plaintiff has not met her burden under Rule 60 as she has failed to substantiate her allegations of untoward activity by opposing parties or the Court by clear and convincing evidence. Plaintiff's respective motions to vacate dismissal are **DENIED**.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's motions to vacate dismissal (ECF 84; ECF 89) are **DENIED.** An appropriate order follows.

*/s/  Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     Parties
        Stacey D. Adams, U.S.M.J.

---

[2] *See, e.g.*, *Gage v. Wells Fargo Bank, NA AS*, No. 11-862, 2023 WL 4366284, at *2 (D.N.J. July 6, 2023), aff'd, No. 23-2320, 2023 WL 7211398 (3d Cir. Nov. 2, 2023) ("Without clear and convincing evidence that [defendants and their counsel] intended to deceive the Court, Plaintiff's Rule 60(d)(3) Motion to Vacate cannot succeed."); *Neptune v. Carey*, No. 17-12057, 2020 WL 5629771, at *2 (D.N.J. Sept. 21, 2020), aff'd, No. 20-3026, 2021 WL 5632077 (3d Cir. Dec. 1, 2021) (denying plaintiff's Rule 60(d)(3) motion claiming that "attorneys and other public officials [] engaged in purportedly nefarious behavior to thwart Plaintiff's action" where the allegations were not substantiated "by clear and convincing evidence").