**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARGARET A. NORTON, *Plaintiff,* v. MYLAN N.V., DPT LABORATORIES, LTD., and MYLAN INC., *Defendants.* | Civil Action No. 22-01206 **OPINION** June 25, 2025 |

**SEMPER,** District Judge.

The current matter comes before the Court on Defendants Mylan Inc., Mylan N.V., and DPT Laboratories, LTD's ("Defendants") renewed motion to dismiss Plaintiff Margaret A. Norton's Third Amended Complaint (ECF 58, "TAC") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2). (ECF 108, "Mot.") Plaintiff opposed the renewed motion. (ECF 111, "Opp.") Defendants replied. (ECF 112, "Reply.") The Court has decided this motion following jurisdictional discovery, upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. (ECF 78.) For the reasons stated below, Defendants' motion is **GRANTED** and Plaintiff's TAC is **DISMISSED** with prejudice.

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

---

[1] The Court draws the facts and procedural background from the TAC, and the allegations within must be accepted as true solely for purposes of this motion, except where conclusory and/or implausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For purposes of deciding the motion, the Court affords *pro se* Plaintiff the benefit of any doubts and construes the allegations set forth in the Complaint liberally. *See Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005).

This matter arises from the alleged physical harm Plaintiff suffered after consuming Geritol Liquid B Vitamin & Iron ("Geritol"), a popular iron supplement manufactured by Defendant Mylan N.V. (*See generally* ECF 58, TAC.) For purposes of the instant motion, the Court does not retrace this case's full factual and procedural history. This Court's April 2, 2024 Opinion, granting in part and denying in part Defendants' motion to dismiss the TAC, includes a detailed recounting of the factual background of this matter. (*See* ECF 77, "April Opinion.") To the extent relevant to the instant motion, the Court incorporates the factual and procedural history from the April Opinion herein.

In its April Opinion, the Court dismissed Counts I, II, and III of Plaintiff's TAC with prejudice[2], leaving Count IV—an alleged violation of the New Jersey Consumer Fraud Act ("NJCFA")—as the sole remaining claim asserted against Defendant Mylan N.V., and permitted jurisdictional discovery as to Mylan N.V.[3] (April Opinion at 6-7.) The April Opinion denied Defendants' motion to dismiss pursuant to 12(b)(2) at that time, but provided Defendants with leave to renew the motion following jurisdictional discovery. (*Id.* at 9.) On October 12, 2024, after

---

[2] Plaintiff's TAC alleged four claims against Defendants: (1) a strict product liability failure to warn claim, (2) two separate common law fraud by affirmative misrepresentation claims, and (3) a violation of the New Jersey Consumer Fraud Act, all stemming from Plaintiff's consumption of Geritol. (TAC ¶¶ 13-16.)

[3] Plaintiff's TAC asserts Count IV, the remaining active claim, against Mylan N.V. only. (TAC ¶ 16.) Though this Court must construe *pro se* Plaintiff's allegations liberally, *see Alexander*, 144 F. App'x at 926, Plaintiff has had three opportunities to amend her complaint, and the face of the TAC is clear that Count IV is asserted *solely* against Mylan N.V.  But for the same reason the Court lacks personal jurisdiction over Defendant Mylan N.V., as discussed *infra*, it also lacks jurisdiction over Mylan and DPT Laboratories, because they are a Pennsylvania corporation and Texas limited partnership with principal places of business in Pennsylvania and Texas, respectively (Macikowski Decl. ¶ 5; Vazquez Decl., ¶ 6), and because they were not involved in the labeling, manufacture, or sale of Geritol at the time of Plaintiff's injury or any time prior, (*see* Mot. at 8). Nevertheless, Mylan and DPT were dismissed from this action by this Court's April Opinion and Order, and the Court will not disturb its prior holding.

2

the parties had completed jurisdictional discovery, Defendants renewed their 12(b)(2) motion to dismiss, alleging lack of personal jurisdiction over Defendants. (Mot. at 7.) On October 21, 2024, Plaintiff filed a brief in opposition. (*See* Opp.). On October 28, 2024, Defendants filed a reply. (*See* Reply.)

## II. LEGAL STANDARD

A court must grant a defendant's motion to dismiss under Rule 12(b)(2) if it does not maintain personal jurisdiction over the defendant. *See* Fed. R. Civ. P. 12(b)(2). Once a defendant challenges personal jurisdiction in this manner, the burden of establishing that the court maintains personal jurisdiction shifts to the plaintiff. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007) (citations omitted). "[A] plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). In other words, the Court looks beyond the pleadings to all relevant evidence. *See Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992).[4] Consideration of affidavits submitted by the parties is appropriate and, typically, necessary. *Patterson by Patterson v. FBI*, 893 F.2d 595, 603-04 (3d Cir. 1990). "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Id.* at 604 (citing *Int'l Ass'n of Machinists & Aerospace Workers v. Northwest Airlines*, 673 F.2d 700 (3d Cir.1982)).

A federal court typically must conduct a two-step analysis to ascertain whether personal jurisdiction exists: first, whether the forum state's long arm statute permits jurisdiction and second, whether assertion of personal jurisdiction violates due process. *IMO Indus., Inc. v. Kiekert AG*,

---

[4] Unlike Rule 12(b)(6), Rule 12(b)(2) does not limit the scope of the Court's review to the face of the pleadings. *See Carteret Sav. Bank*, 954 F.2d at 142 n.1; *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002).

3

155 F.3d 254, 259 (3d Cir. 1998). New Jersey's long arm statute permits the exercise of personal jurisdiction "to the uttermost limits permitted by the United States Constitution," and thus, the typical two-part inquiry may be collapsed into a single step addressing due process requirements. *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 698 (3d Cir. 1990). In other words, to establish personal jurisdiction, the Due Process Clause requires (1) minimum contacts between the defendant and the forum; and (2) that jurisdiction over the defendant comports with "'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)).

"Personal, or in personam, jurisdiction, [generally] divides into two groups: 'specific jurisdiction' and 'general jurisdiction.'" *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 172 (D.N.J. 2016) (citing *Burger King*, 471 U.S. at 472 n.14 (1985)). To establish general jurisdiction, the defendant's contacts with the state must be so "continuous and systematic" that the defendant is considered "at home" within the state. *Daimler AG v. Bauman*, 571 U.S. 117, 138 (2014). General jurisdiction "permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit." *Display Works*, 182 F. Supp 3d at 172 (quoting *Walden v. Fiore*, 571 U.S. 277, 284 n.6 (2014)). Specific jurisdiction "depends on an affiliatio[n] between the forum and the underlying controversy (i.e., an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation)." *Id.* (quoting *Walden*, 571 U.S. at 284 n.6).

### III.  ANALYSIS

Plaintiff claims that this Court has both general and specific jurisdiction over Defendant Mylan N.V. (Opp. at 5-6.) Plaintiff argues there is general jurisdiction because Mylan N.V. acquired Meda AB ("Meda"), the former owner of the Geritol brand, which Plaintiff alleges is

4

headquartered in Somerset, New Jersey. (*Id.* at 5.) Defendants insist this Court lacks general jurisdiction because Defendants are not and never were "at home" in New Jersey. (Mot. at 8.) Plaintiff also argues that this Court has specific jurisdiction over Defendants because "Mylan N.V. acquired full control of . . . Meda AB and played a role in the formulation, manufacture, distribution, labeling, commercial design and sale of Geritol" prior to Plaintiff's consumption and alleged injury. (Opp. at 6.) Defendants argue this Court lacks specific jurisdiction because Mylan N.V.'s acquisition of Meda occurred after Plaintiff's alleged injury and therefore "Plaintiff's NJCFA claim could not have arisen from or relate[] to Defendants' New Jersey-based conduct." (Mot. at 8-9.) The Court will address each argument in turn.

### A. General Jurisdiction

General jurisdiction exists where the defendant maintains "continuous and systematic" contacts with the forum "as to render them essentially 'at home' in the forum State." *Daimler AG*, 571 U.S. at 121. For an entity, its "place of incorporation and principal place of business are paradigm bases for general jurisdiction[.]" *Id.* at 137. It is only in "exceptional case[s]" where "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 139 n.19.

This is not an exceptional case. Mylan N.V. was organized under the laws of the Netherlands and maintained its principal place of business in England.[5] (ECF 62-2, Macikowski Decl. ¶ 11.) Though Plaintiff claims that Mylan N.V. was headquartered in Somerset, New Jersey, Plaintiff provides no affidavits nor other evidence to support her claims. *See Vector Sec., Inc. v. Corum*, No. 03-741, 2003 WL 21293767, at *1 (E.D. Pa. Mar. 21, 2003) ("General averments in

---

[5] Mylan N.V. no longer exists as a corporate entity. (Macikowski Decl. ¶ 10.)

an unverified complaint or response without the support of 'sworn affidavits or other competent evidence' are insufficient to establish jurisdictional facts") (quoting *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984)).

Moreover, "Mylan N.V. was never registered to do business in New Jersey; it never operated out of any locations in New Jersey; it never owned any property in New Jersey; and it did not have any employees in New Jersey." (Mot. at 2 (citing Macikowski Decl. ¶¶ 12-16).) Plaintiff has failed to demonstrate that Mylan N.V. is "at home" in New Jersey: it was neither incorporated nor headquartered here, and Plaintiff has offered no facts to indicate that Mylan N.V.'s operations in New Jersey were so substantial as to render this an exceptional case. *See Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 564 (3d Cir. 2017) (finding no general jurisdiction where plaintiff failed to demonstrate an "exceptional case" and defendant was "neither incorporated in nor has its principal place of business in New Jersey").

### B. Specific Jurisdiction

To establish that Defendants are subject to specific personal jurisdiction, Plaintiff must show: (1) Defendants "purposefully directed [their] activities at [New Jersey]," (2) Plaintiff's claims "arise out of or relate to at least one of those activities," and (3) "the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice." *O'Connor*, 496 F.3d at 317 (internal quotations and citations omitted). Under the first prong of this analysis, Plaintiff must establish that Defendants had sufficient minimum contacts with New Jersey. *See Int'l Shoe Co.*, 326 U.S. at 316. A finding of minimum contacts requires the defendant to have "purposefully avail[ed]" itself of the laws and benefits of conducting business in New Jersey. *Burger King*, 471 U.S. at 475. Plaintiff must establish that Defendants purposefully availed themselves of the forum to a degree "such that [they] should reasonably anticipate being haled into court there." *World-Wide*

6

*Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980). Parties who "reach out beyond one state and create continuing relationships and obligations with citizens of another state" are subject to personal jurisdiction in the other state. *Burger King Corp.*, 471 U.S. at 473. A defendant's actions must "create a 'substantial connection' with the forum State," or create "continuing obligations" between itself and forum residents. *Id.* at 475-76 (citations omitted).

Plaintiff's alleged physical harm occurred on May 24, 2016, after Plaintiff purchased and consumed her usual dosage of Geritol as described on the package. (TAC ¶¶ 30, 34.) Immediately after consumption, Plaintiff suffered "severe shortness of breath and wheezing."[6] (*Id.* ¶ 35.) Plaintiff alleges Defendant Mylan N.V. acquired ownership and "full control"[7] over the Geritol brand with the acquisition of Meda on February 10, 2016. (Opp. at 4-5.) Plaintiff asserts these activities are enough to demonstrate that Defendants purposefully availed themselves of the forum state and Plaintiff's claims arose out of or relate to Defendants' activities. (*Id.*)

Contrary to Plaintiff's claims, Mylan N.V. did not complete the acquisition of Meda, including the Geritol product brand, until August 5, 2016, three months after Plaintiff's alleged consumption and injury. (ECF 62-2, Macikowski Decl. ¶ 18.) Defendant Mylan N.V. did not "ever play any role in the design, development, labeling, manufacture, distribution, or sale of Geritol" in New Jersey before or after acquiring Meda. (*Id.* ¶¶ 20-21.) After Mylan N.V.'s acquisition of Meda, DPT Laboratories[8] manufactured Geritol exclusively at its facilities in Texas from 2017 through

---

[6] Plaintiff's TAC states that she is allergic to sulfites and "would not have brought [sic] and consumed the Geritol Liquid High Potency B-Vitamins & Iron liquid supplement product if the defendant had stated the sulfites on the ingredient statement." (TAC ¶¶ 192-93.)

[7] Plaintiff states that Mylan N.V.'s "full control" consisted of "play[ing] a role in the formulation, manufacture, distribution, labeling, commercial design and sale of Geritol." (Opp. at 5.)

[8] DPT Laboratories, which was dismissed from this action by this Court's April Opinion, is a Texas limited partnership with a principal place of business in Texas. (*See* Vazquez Decl. ¶ 6.)

2021. (ECF 65, Vazquez Decl. ¶ 14.) But even during this timeframe post-dating Plaintiff's Geritol consumption, DPT was neither responsible for the labeling or distribution of Geritol nor did DPT ever sell the product in New Jersey. (*Id.* ¶¶ 15-16.) Mylan Consumer Health, Inc.—a Delaware corporation with its principal place of business in West Virginia—was responsible for the labeling and artwork on the Geritol packaging, as well as for the distribution of the Geritol product. (ECF 10-1, Williams Decl. ¶¶ 16-17.)

Plaintiff bears the burden of establishing jurisdiction over Defendant Mylan N.V. *See O'Connor*, 496 F.3d at 316. But Plaintiff has failed to establish that Mylan N.V. had either sufficient minimum contacts with New Jersey or that Plaintiff's claims arise from or relate to any of Mylan N.V.'s activities to warrant the exercise of this Court's personal jurisdiction.[9] *See D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102-06 (3d Cir. 2009) (finding no specific jurisdiction where a foreign defendant did not target the forum state with "deliberate activities" including sales, manufacturing, or design related to the product at issue and plaintiff's claims did not arise out of or relate to defendant's forum contacts).

In the Third Circuit, a "plaintiff must respond [to a 12(b)(2) motion to dismiss] with actual proofs, not mere allegations." *Patterson by Patterson*, 893 F.2d at 604. Plaintiff's claim that Mylan N.V.'s acquisition of Meda occurred on February 10, 2016 is nothing more than a "[g]eneral averment in an unverified complaint" that this Court need not credit. *Vector Sec.*, 2003 WL

---

[9] Other courts have found no specific jurisdiction "where the record evidence shows the defendant did not manufacture the type of product at issue until *after* the plaintiff's alleged injury." (Mot. at 9 n.2) (alteration in original). The Court is persuaded by this non-binding authority. *See, e.g., Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 586 (5th Cir. 2010); *Smith v. TRW Auto. U.S., LLC*, No. 18-995, 2020 WL 1667025, at *3 (W.D. La. Apr. 3, 2020); *Park-Kim v. Daikin Indus., Ltd*, No. 15-9523, 2016 WL 5958251, at *6 (C.D. Cal. Aug 3, 2016); *Rockwell Automation, Inc. v. Kontron Modular Computers*, No. 12-566, 2012 WL 5197934, at *9 (S.D. Cal. Oct. 19, 2012); *Hare v. Air Plains Servs. Corp.*, No. 22-2306, 2023 WL 6200330, at *1 (E.D. La. Sept. 22, 2023).

21293767, at *1. Therefore, the Court declines to exercise specific jurisdiction over Defendant Mylan N.V.

Neither party has asked this Court to transfer the case to the proper forum. A district court has "broad discretion" not to transfer, *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995), and "need not investigate on its own all other courts that 'might' or 'could have' heard the case." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020) (quoting 28 U.S.C. §§ 1404(a), 1406(a)). The Court has considered whether transfer here "is in the interest of justice," Fed. R. Civ. P. 41(b), and determined that because Plaintiff may "refile its case in a proper forum, 'the interests of justice' do not demand transfer." *Danziger & De Llano,* 948 F.3d at 133 (finding district court's dismissal with prejudice for lack of personal jurisdiction did not trigger claim preclusion because "[a]ll it precluded was relitigating the issue of personal jurisdiction" in forum state).

## IV.    CONCLUSION

Because Plaintiff has failed to present any competent evidence that Mylan N.V. is at home in New Jersey or that Plaintiff's NJCFA claim arises from or relates to any of Mylan N.V.'s conduct in New Jersey, Defendants' motion to dismiss (ECF 108) is **GRANTED**. Plaintiff's Third Amended Complaint (ECF 58) is **DISMISSED** with prejudice for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). *See Danziger & De Llano*, 948 F.3d at 132 (affirming dismissal with prejudice for lack of personal jurisdiction because Plaintiff could refile in the proper forum state). An appropriate order follows.

> */s/ Jamel K. Semper*
> **Hon. Jamel K. Semper**
> **United States District Judge**

Orig: Clerk
cc:   Parties
        Stacey D. Adams, U.S.M.J.

9