<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MARGARET A. NORTON, | Civil Action No. 22-1206 |
| *Plaintiff*, | |
| v. | **OPINION & ORDER** |
| MYLAN N.V., DPT LABORATORIES, LTD., and MYLAN INC., | May 4, 2026 |
| *Defendants*. | |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on Plaintiff's Motion to Vacate the Court's June 25, 2025 Opinion and Order Under Rule 60(b)(3).  (ECF 117, "Motion" or "Pl. Mot.")  Defendants opposed the Motion.  (ECF 120, "Opposition" or "Def. Opp.")  Plaintiff filed a reply.  (ECF 121, "Pl. Reply.")  The Court has decided this Motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1.  For the reasons stated below, Plaintiff's Motion is **DENIED**.

**WHEREAS** this matter arises from Plaintiff's alleged physical harm suffered after consuming "Geritol Liquid B Vitamin & Iron" liquid supplement product ("Geritol"), a popular iron supplement manufactured by Defendants. (*See generally* ECF 58, Third Amended Complaint or "TAC.")  Defendants moved to dismiss Plaintiff's TAC.  (ECF 62.)  This Court granted in part and denied in part Defendants' motion, dismissing Counts I-III with prejudice and permitting jurisdictional discovery as to Count IV.  (ECF 77, "April 2024 Opinion.")  Count IV alleges a violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-2, *et seq.*, as to Defendant

Mylan N.V. (TAC ¶ 16.) Following jurisdictional discovery, Defendants renewed their motion to dismiss Plaintiff's TAC. (ECF 108.) This Court granted Defendants' motion and dismissed Plaintiff's TAC with prejudice pursuant to Rule 12(b)(2). (ECF 115, "June 2025 Opinion.") To the extent relevant to the instant Motion, the Court incorporates the factual and procedural history from its April 2024 and June 2025 Opinions herein; and

**WHEREAS** Plaintiff seeks to vacate the Court's dismissal of her TAC and relies upon Federal Rule of Civil Procedure 60(b)(3), arguing that it provides a basis for her requested relief. Rule 60(b)(3) provides that a litigant may be entitled to relief from a final judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). The Rule "is aimed at judgments [or orders] which were unfairly obtained, not at those which are factually incorrect." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005). To obtain relief under Rule 60(b)(3), "the evidence must be clear and convincing," *Brown v. Pennsylvania R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960), and "cannot serve as an attempt to relitigate the merits." *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989). Critically, "Rule 60(b) motions are viewed as 'extraordinary relief which should be granted only where extraordinary justifying circumstances are present.'" *Kiburz v. Sec'y, U.S. Dep't of the Navy*, 446 F. App'x 434, 436 (3d Cir. 2011) (quoting *Bohus v. Beloff*, 950 F.2d 919, 929 (3d Cir. 1991)); and

**WHEREAS** Plaintiff argues that all three Defendants renewing their motion to dismiss, (*see* ECF 108), constitutes misconduct under Rule 60(b)(3) because only one Defendant, Mylan N.V., was party to the only surviving claim, Count IV. (*See* Pl. Mot. at 14-19.) Relatedly, Plaintiff claims Mylan N.V.'s reliance on a Mylan Inc. sworn declaration in the renewed motion to dismiss briefing is misconduct that prevented her from "fully and fairly presenting her case." (Pl. Reply

2

at 3-7.)  Defendants argue that there is no evidence of Defendants engaging in any type of misconduct, let alone clear and convincing evidence.[1]  (*See* Def. Opp. at 4-5.)  The Court agrees. The Court's April 2024 Opinion granted Defendants leave to renew their motion to dismiss.  (ECF 78.)  Accordingly, Defendants renewed their motion and filed affidavits, which the Court properly considered when dismissing Plaintiff's TAC in its entirety.  (*See generally* June 2025 Opinion); *see also Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984) ("A Rule 12(b)(2) motion . . . is inherently a matter which requires resolution of factual issues outside the pleadings. . . . [T]herefore, at no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction.").  Moreover, Plaintiff's arguments were available at the time that she filed her opposition to Defendants' renewed motion, so she was afforded an opportunity to fully and fairly present her case then.  *See Scalercio-Isenberg v. Select Portfolio Servicing, Inc.*, No. 22-2705, 2025 WL 2938198, at *4 (D.N.J. Oct. 16, 2025) ("Rule 60(b) motions do not provide avenues for re-litigating already decided issues.").

**WHEREAS** Plaintiff seeks an extraordinary remedy.  Again, relief under Rule 60(b)(3) "should be granted only where extraordinary justifying circumstances are present." *Oat v. Sewer Enters., Ltd.*, 584 F. App'x 36, 41 (3d Cir. 2014).  Such circumstances are not present here as Plaintiff failed to "provide 'clear and convincing evidence' showing that [Defendants] engaged in fraud or other misconduct and this conduct prevented [Plaintiff] from fully and fairly presenting

---

[1] Defendants also argue that Plaintiff's Motion is untimely as it was not filed "within a reasonable time." (*See* Def. Opp. at 7-8.)  Rule 60(b) requires a party to seek relief under subsection (3) "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).  Plaintiff filed her Rule 60(b)(3) Motion less than four months after the Court's June 2025 Opinion.  (*See generally* Pl. Mot.)  Nevertheless, the Court refrains from reaching the issue of timeliness as Plaintiff has not met her burden under Rule 60(b)(3) for the reasons stated herein.

[her] case." *Vertiv, Inc. v. Wanye Burt PTE, Ltd.*, No. 20-13050, 2021 WL 3124341, at *5 (D.N.J. July 23, 2021).  As a result, Plaintiff has not met her burden under Rule 60(b)(3).

**IT IS** on this 4th day of May 2026,

**ORDERED** that Plaintiff's Motion to Vacate the Court's June 25, 2025 Opinion and Order Under Rule 60(b)(3) is **DENIED**; and

**ORDERED** that the Clerk's Office is directed to mail a copy of this Opinion and Order to Plaintiff via certified mail return receipt; and it is finally

**ORDERED** that the Clerk's Office is directed to close this case.

**SO ORDERED.**

/s/ Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:     Stacey D. Adams, U.S.M.J.
          Parties

4